IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON WESLEY, | § | |
|     Plaintiff, | § | |
| | § | |
| v | § | CIV. ACTION NO. 3:09-CV-716-BF |
| | § | |
| GENERAL DRIVERS, WAREHOUSEMEN | § | |
| AND HELPERS LOCAL 745, AFFILIATED | § | |
| WITH THE INTERNATIONAL BROTHERHOOD | § | |
| OF TEAMSTERS, and BRENT TAYLOR, | § | |
| Jointly and Severally, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Before the Court for decision is the Motion for Summary Judgment (doc. 18) of Defendants General Drivers, Warehousemen and Helpers Local 745, affiliated with the International Brotherhood of Teamsters and Brent Taylor ("Defendants" or "Local 745" or "Taylor"). Plaintiff, Don Wesley ("Plaintiff"), responded to Defendants' motion (doc. 21). Plaintiff asserts claims against Defendants jointly and severally. He claims Defendants intentionally discriminated against him in violation of 42 U.S.C. § 1981 when they failed to properly represent him during a grievance by arguing that: (1) he was a victim of race discrimination, and (2) the video camera evidence could not be used to discipline him. (Compl. and Jury Demand, ¶¶ 8 and 9.) Additionally, Plaintiff asserts that Local 745 violated § 1981 by failing to have a slowdown when plaintiff was fired although they had slowdowns for several fired white employees. (*Id.*, ¶ 10.)

### Undisputed Material Facts

1.     Wesley is an African-American citizen of the United States and was an employee of Yellow Transportation, Inc. ("YTI," now known as YRC) before his termination in the Spring of 2005. (Compl. and Jury Demand, ¶¶ 1 and 5.)

2.  Wesley was terminated from his job at YTI in 2005 because he violated company policy by playing a pornographic video in the break room on company time. (*Id*. ¶ 5.)[1]

3.  Taylor represented Wesley in connection with a grievance about his termination. (*Id*. ¶¶ 6, 7, and Defs.' App. 003, Taylor Decl. ¶¶ 4,5.)

4.  In his capacity as a business agent for the dock employees at Yellow Freight, in the Spring of 2005, Taylor handled the grievance for Don Wesley regarding his termination from YTI as set forth in the collective bargaining agreement, the National Master Freight Agreement. Under the National Master Freight Agreement (which is the collective bargaining agreement covering a number of freight companies) the general procedure for handling a grievance on behalf of any employee is to meet locally to try to resolve the grievance. If that is not successful, the grievance is set for a regional committee where it is presented to a grievance committee that is comprised of two Union representatives from other Locals and two management representatives from other companies (other than the Local and the company who have the dispute). (Defs.' App. 003, Taylor Decl., ¶ 4.)

5.  Taylor met locally with Wesley and local management officials and was unable to resolve the grievance concerning Wesley's termination, so Taylor set the grievance to be heard at the Committee. He presented the grievance to the Committee on April 19, 2005. A recording was made of the presentation. A true and correct transcript of the tape is attached to Wesley's Complaint and Jury Demand filed in this matter. (Defs.' App. 003, Taylor Decl., ¶ 5.)

6.  Wesley attended the grievance hearing before the Committee. He was given the opportunity to present any information or evidence which he wanted the panel to consider. (Defs.' App. 003, Taylor Decl., ¶ 6.)

7.  During the grievance hearing, Taylor raised a point of order on the company's playing of the video but the Committee indicated they would carry the point of order in abeyance and would play the tape and would decide the point when considering the case. Taylor presented evidence that a white employee had briefly played a pornographic video at a Hazmat training course and not been terminated, as well as statements from other employees about pornography on the job. Nevertheless, the Committee was not persuaded by the arguments presented and denied Wesley's grievance. Because the Committee denied the grievance,

---

[1] *See* Judge Fitzwater's Memorandum Opinion and Order in *Wesley v. Yellow Transportation Inc.*, No. 3:05-CV-02266-D (N.D. Tex. Feb. 4, 2008) granting YTI's motion for summary judgment on Plaintiff's discriminatory termination claim under Title VII and § 1981. *Id*. at 20-28. Judge Fitzwater held that Plaintiff failed to adduce sufficient evidence to enable a reasonable jury to find that YTI's proffered reasons for the termination, as set out in ¶ 2 above, were unworthy of credence, or that Plaintiff otherwise satisfied his burden of adducing evidence that YTI's stated reason for discharging him was a pretext for racial animus. *Id.* at 28.

there was no further possibility of pursuing the grievance beyond that level. (Defs.' App. 004, Taylor Decl., ¶ 7.)

8. The Union has not authorized or supported a slowdown for any terminated employee and such an action would violate the Collective Bargaining Agreement. (Defs.' App. 004, Taylor Decl., ¶ 8.)

**Standard of Review**

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Prods., Inc*., 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, Tex., 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Plaintiff claims that Defendants inadequately represented him against his employer in connection with his grievance based upon YTI's wrongful termination of his employment. In most

cases, a plaintiff would bring this claim under 29 U.S.C. § 158(b)(1)(A) or 29 U.S.C. § 185 (a section 301 claim) for failure to fairly represent him during a grievance procedure. However, in this case, Plaintiff seeks relief under 42 U.S.C. § 1981 based upon invidious discrimination on account of his race, African American. Therefore, he must prove that any failure to fairly represent him is based upon invidious or discriminatory considerations.

Defendants contend that the undisputed material facts show that they did not intentionally discriminate against Plaintiff based on his race. Defendants further urge that they properly pursued Plaintiff's grievance and made proper arguments about racial discrimination in Plaintiff's termination.

## Analysis

### Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations but point out that some courts have held that the four-year federal statute of limitations is applicable in a case such as this one. In *Wesley v. Yellow Transportation Inc.*, No. 3:05-CV-02266-D (N.D. Tex. Feb. 4, 2008), the Hon Sidney A. Fitzwater, Chief Judge of the United States District Court for the Northern District of Texas, held that claims brought pursuant to 42 U.S.C. § 1981 are generally subject to a four-year limitations period. *Id*. at 17. *See Jones v. R&R Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004) (holding that four-year limitations period established by 28 U.S.C. § 1658 applies to § 1981 actions based on employment discrimination claims made possible by the 1991 Civil Rights Act amendments to § 1981). The Court finds Judge Fitzwater's decision persuasive. Defendants' argument that Plaintiff's claims pursuant to § 1981 are barred by the two-year statute of limitations is without merit.

4

### Whether Plaintiff Has Shown a Genuine Issue of Material Fact with Respect to Racial Discrimination By Defendants During the Grievance Procedure

Defendants have pointed to an absence of evidence to support Plaintiff s allegations that Defendants violated 42 U.S.C. § 1981. As previously explained, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). The issue here is whether Plaintiff has shown a genuine issue of material fact with respect to his claim that Defendants discriminated against him in the handling of his grievance due to racial animus. Plaintiff has not met his burden.

Under 42 U.S.C. § 1981, a party must show:

1. The plaintiff is a member of a racial minority;

2. The defendant(s) had an intent to discriminate against the plaintiff; and

3. The defendant's discrimination concerns an activity enumerated by the statute.

*Green v. State Bar of Texas*, 27 F.3d 1023, 1086 (5th Cir. 1994). The United States Supreme Court has concluded that discrimination of the basis of race under § 1981 must be a deliberated and intentional, purposeful discrimination. *See General Bldg. Contractor's Ass'n v. Pennsylvania*, 458 U.S. 375, 389 (1982).

The Seventh Circuit, in *Bugg v. International Union of Allied Industrial Workers of America, Local 507*, 674 F.2d 595 (7th Cir. 1982), articulated the elements of a prima facie case of discrimination by a union. Under *Bugg,* a plaintiff establishes a prima facie case against a union by showing: "(1) that the [employer] committed a violation of the collective bargaining agreement with respect to the plaintiff; (2) that the [union] permitted that breach to go unrepaired, thus breaching

5

its own duty of fair representation; and (3) that there was some indication that the [union's] actions were motivated by racial animus." *Id.* at 598 n. 5. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Causey v. Ford Motor Co.*, 516 F.2d 416, 425 (5th Cir. 1975).

The Court has reviewed Defendants' response and finds that the cases are inapplicable to support the claims and competent summary judgment evidence in this case. Defendants have pointed to a lack of genuine issues of material facts. Nothing shows that Defendants engaged in intentional racial discrimination against Plaintiff. Plaintiff has not rebutted the competent summary judgment evidence which demonstrates that the Defendants properly raised the race and pornography issues during the grievance procedure.

Defendants pursued a grievance on Plaintiff's behalf, challenging his termination as unjust. (Defs.' App. 004, Brent Taylor Decl., ¶ 9.) Brent Taylor presented the claim of unequal treatment between races, as well as challenging the playing of the video tape. When Taylor raised a point of order on the company's playing of the video, the Committee indicated they would carry the point of order in abeyance and would play the tape and would decide the point when considering the case. Taylor presented evidence that a white employee had briefly played a pornographic video at a Hazmat training course and not been terminated, as well as statements from other employees about pornography at the jobsite. During the proceeding, Plaintiff had the opportunity to raise any additional facts and claims, and he acknowledged that he had presented all his facts and claims. He further acknowledged that Defendants had represented him adequately. (Pl.'s App. at 19.) When the Committee denied the grievance, the Union had no further avenue to pursue the grievance. (Defs.' App. 004, Taylor Decl., ¶ 7.) Plaintiff has adduced no evidence that Defendants breached their duty of fair representation. Further, Plaintiff has not rebutted the Union's competent summary

judgment evidence that the Union has not authorized or supported a slowdown for any terminated employee and that such an action would violate the Collective Bargaining Agreement. (Defs.' App. 004, Taylor Decl., ¶ 8.) There is no indication in the competent summary judgment evidence that Defendants' actions were motivated by racial animus.

## Conclusion

Plaintiff has failed to adduce sufficient evidence to enable a reasonable jury to find that Defendants had an intent to discriminate against Plaintiff based upon his race. No genuine issue of material fact precludes summary judgment. Defendants' motion for summary judgment is GRANTED.

SO ORDERED, October 14, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE