ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 27 2010

CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON WESLEY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:09-CV-716-BF    4:03pm |
| | § | |
| GENERAL DRIVERS, WAREHOUSEMEN | § | |
| AND HELPERS LOCAL 745, AFFILIATED | § | |
| WITH THE INTERNATIONAL | § | |
| BROTHERHOOD OF TEAMSTERS, and | § | |
| BRENT TAYLOR, | § | |
| Jointly and Severally, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Before the Court for decision is Plaintiff, Don Wesley's ("Plaintiff's") Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(e). Defendants General Drivers, Warehousemen and Helpers Local 745, affiliated with the International Brotherhood of Teamsters and Brent Taylor ("Defendants" or "Local 745" or "Taylor") filed a response in opposition. Plaintiff filed a Reply. Plaintiff claimed Defendants intentionally discriminated against him in violation of 42 U.S.C. § 1981 when they failed to properly represent him during a grievance by arguing that: (1) he was a victim of race discrimination, and (2) the video camera evidence could not be used to discipline him. (Mem. Op. & Order) Additionally, Plaintiff asserted that Local 745 violated § 1981 by failing to have a slowdown when plaintiff was fired although they had slowdowns for several fired white employees. (*Id.*) The Court granted summary judgment for Defendants on the grounds that Plaintiff had failed to adduce sufficient evidence to enable a reasonable jury to find that Defendants had an intent to discriminate against Plaintiff based upon his race and because no genuine issue of material fact precluded summary judgment for Defendants.

## Standard of Review

The court "has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so to prevent an injustice." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995)), *aff'd*, 480 F.3d 377 (5th Cir. 2007). The Rule "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979).

Plaintiff makes the same arguments he made in response to Defendants' Motion for Summary Judgment and offers nothing to convince the court that the judgment for Defendants was unfair or unreliable. The Court relied on the evidence before it in support of, and in opposition to, Defendants' Motion for Summary Judgment. Plaintiff's Motion for New Trial fails to establish under the applicable standard that this Court should grant a new trail.

Plaintiff again attempts to obfuscate the issue before the Court; that is, he attempts to revisit whether there was racial discrimination against Plaintiff by his employer in its decision to terminate him, an issue decided against him by the Hon. Sidney A. Fitzwater, Chief Judge United States District Court for the Northern District of Texas.[1] The issue in this case is whether Defendants

---

[1] *See* Judge Fitzwater's Memorandum Opinion and Order in *Wesley v. Yellow Transportation Inc.*, No. 3:05-CV-02266-D (N.D. Tex. Feb. 4, 2008) granting YTI's motion for summary judgment on Plaintiff's discriminatory termination claim under Title VII and § 1981. *Id.* at 20-28. As stated in this Court's Memorandum Opinion and Order for which Plaintiff seeks reconsideration, Judge Fitzwater held that Plaintiff failed to adduce sufficient evidence to enable a reasonable jury to find

representation of him during the grievance procedure was based upon discriminatory motives or racial animus by the Union. Mr. Taylor raised the employer's disparate treatment of Plaintiff compared to a white employee who was not fired for playing pornography at a Hazmat training course. Plaintiff's argument that the Union could have made better or stronger arguments before the grievance committee does not demonstrate discriminatory motives or racial animus on the Union's part. Plaintiff has failed to show that this Court committed prejudicial error or that substantial justice was not done. Plaintiff's Motion to Alter or Amend Judgment is DENIED.

SO ORDERED, December 21, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

that YTI's proffered reasons for the termination, as set out in ¶ 2 above, were unworthy of credence, or that Plaintiff otherwise satisfied his burden of adducing evidence that YTI's stated reason for discharging him was a pretext for racial animus. *Id.* at 28.